**RICARDO M. GONZALEZ**
Attorney at Law
State Bar No. 98993
101 West Broadway, Suite 1950
San Diego, CA   92101
Tel: (619) 238-9910
    FAX: 238-9914

Attorney for Defendant
EDWARD DOUGLAS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

(Honorable Marilyn L. Huff)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  Plaintiff, | ) Case No. 07cr02605 |
| vs. | ) **POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO COMPEL FURTHER DISCOVERY, AND FOR FURTHER MOTIONS** |
| EDWARD DOUGLAS, | ) |
|  Defendant. | ) Date: January 22, 2008<br>) Time: 2:00 p.m.<br>) Dept.: Honorable Marilyn L. Huff |

## I.

## FACTUAL STATEMENT

The following statement of facts is taken from information provided by law enforcement and is subject to modification, additions and/or dispute by defendant at a future time.

On or about September 19, 2007, an Indictment was filed against EDWARD DOUGLAS, charging him with Title 8, U. S. C., Sec. 2 - Aiding and Abetting; Title 8 U. S. C., Secs. 1324 (a) (1) (A) (ii) and (v) (I I) - Transportation of Illigal Aliens and Aiding and Abetting.

## II.

## TO COMPEL FURTHER DISCOVERY

Mr. Edward Douglas requests the following discovery pursuant to Fed. R. Crim. P. 16:

(a) All written and oral statements made by him.  This request includes, but is not limited to any

1  rough notes, records, reports, transcripts or other documents in which statements of Mr. Douglas are
2  contained.  It also includes the substance or any oral statements which the government intends to
3  introduce at trial, together with any rough notes of any statements.  Mr. Douglas has been given no
4  discovery thus far.  These documents are discoverable under Federal R. Crim. P. 16(a)(1)(A);

5      (b) All documents, statements, agents' reports and tangible evidence favorable to Mr. Douglas
6  on the issue of guilt and/or which affects the credibility of the government's case.  This evidence must
7  be produced to Mr. Douglas pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United States vs.
8  Agurus, 427 U.S. 97 (1976).

9      (c) All evidence, documents and information, including audio tapes pertaining to any prior
10 arrests, deportations and convictions or prior bad acts.  Evidence of prior record is available under
11 Federal R. Crim. P. 16(a)(1)(B).  Evidence or prior similar acts is discoverable under Fed. R. Crim. P.
12 16(a)(1)(C);

13     (d) All evidence seized in this case.  These materials are available pursuant to Fed. R. Crim. P.
14 16(a)(1)(C);

15     (e) All statements which exculpate Mr. Douglas or any other person whom the government
16 alleges is a co-conspirator with Mr. Douglas.  Any statement which exculpates Mr. Douglas is
17 discoverable, since the government will argue that statement may be attributed to Mr. Douglas under
18 Fed. R. Evid. 801(d)(2)(E).  See United States v. Konefal, 556 F. Supp. 698, 705, 07 (N.D.N.Y. 1983);
19 United States v. Thevis, 84 F.R.D. 47, 56-57, (N.D.G.A. 1979);

20     (f) All other real and physical evidence, including photograph books, documents, photographs,
21 tangible and other objects which the government intends to introduce in its case-in-chief.  Photographs
22 taken contemporaneously with the arrest are relevant and material to the defense.  These are discoverable
23 under Fed. R. Crim. P. 16(a)(1)(C);

24     (g) Any and all results, reports, and other documents pertaining to any fingerprint analysis
25 performed on any exhibit.  This discoverable under Fed. R. Crim. P. 16(a)(1)(C);

26     (h) Any and all results and reports of scientific tests or experiments, including DEA Forms 7 and
27 7a.  This is available under Fed. R. Crim. P. 16(a)(1)(D).

28     (i) Any Jencks (18 U.S.C. sec. 1300) materials, including but not limited to the testimony before
the Grand Jury.  All materials should be promptly disclosed to the defense to avoid delay at the time of

1  trial and to allow an opportunity to evaluate, and possible conduct further investigation is necessary.

2  (j) Any and all raw notes made by investigative officers of all witnesses interviewed. <u>United
3  States vs. Harris</u>, 542 F.2d 1904 (9th Cir. 1976).

### III.

### MR. DOUGLAS SHOULD BE ABLE TO FILE FURTHER MOTIONS BASED UPON FACTS AND CIRCUMSTANCES THAT THE FIRST BECOMES AWARE OF BASED UPON FURTHER INFORMATION OR DISCOVERY.

Mr. Edward Douglas, respectfully requests this Court to grant his leave to make further motions based upon additional information, evidence or discovery occurring prior, during or after this motion date. This, or course, is based upon new or additional information being obtained after the preparation, filing or motion hearing on this matter.

### IV.

### CONCLUSION

Defendant Edward Douglas requests the previously discussed motions be Granted.

DATED: January 22, 2008          /s/Ricardo M. Gonzalez
                                 Ricardo M. Gonzalez.
                                 Attorney for Defendant