KAREN P. HEWITT
United States Attorney
DAVID L. KATZ
Assistant U.S. Attorney
California State Bar No. 141296
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone No.: (619) 557-5226
Facsimile No.:  (619) 557-6741
David.Katz@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CARLOS QUINTERO-LOPEZ,<br><br>　　　　　Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Criminal Case No. 07CR3214-H<br><br>District Judge: Honorable Marilyn L. Huff<br>Courtroom:　13 (Fifth Floor)<br>Date:　　　March 10, 2008<br>Time:　　　2:00 p.m.<br><br>**GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:**<br><br>**(1) COMPEL DISCOVERY; AND**<br>**(2) GRANT LEAVE TO FILE FURTHER MOTIONS**;<br><br>**TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES, AND GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY** |

　　　COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel KAREN P. HEWITT, United States Attorney, and DAVID L. KATZ, Assistant U.S. Attorney, hereby files its Response and Opposition to Defendant CARLOS QUINTERO-LOPEZ's  ("Defendant" or "Quintero") above-referenced motions and hereby files its Motion For Reciprocal Discovery.  This Response and Opposition is based upon the files and records of this case.

07CR3214-H

**I**

**STATEMENT OF THE CASE**

A Complaint was filed on September 7, 2007, charging him with being a Deported Alien found in the United States, in violation of Title 8, USC, Section 1326. On September 10, 2007, at his initial appearance before a federal magistrate, Michael Messina was appointed to represent Nunez. On September 20, 2007, Defendant appeared before a federal magistrate and waived time for the preliminary hearing. On October 9, 2007, a Criminal Information was filed, charging Defendant with two (2) counts of Illegal Entry (both felonies, under 8 U.S.C. §1325. After several continuances, Defendant decided not to go forward with an anticipated disposition of the case on November 9, 2007, and attorney Ricardo Gonzalez was appointed to represent him instead of Mr. Messina.. On November 28, 2007, a federal grand jury returned an indictment against Defendant, charging him with Being a Deported Alien Found in the United States, in violation of Title 8, USC, Section 1326(a) and (b). On December 17, 2007, Defendant was arraigned on the indictment and the case was then set for a motion hearing before this court on February 4, 2008.     On January 24, 2008, Defendant filed the instant motions. The Government has, to date, provided Defendant with 50 pages of discovery and a DVD recording of his advisal of rights and invocation of his right to remain silent.

**II**

**STATEMENT OF FACTS**

**A.**     **Offense Conduct**

    1.     <u>Defendant Found in the U.S.</u>

On September 6, 2007, at approximately 3:10 a.m., Border Patrol dispatch reported to agents in the field that a seismic intrusion device had been activated in an area known as "Spooner's Mesa," located approximately four (4) miles west of the San Ysidro Port of Entry (POE) and 400 yards north of the boundary fence between the U.S. and Mexico. Border Patrol Agent Andres Briseno, who was conducting line watch operations in that area, responded to the dispatch report and went to the area near the seismic intrusion devices that had been activated. Inside scope operator David Kaiser, then operating a night scope in that area, informed Agent Briseno of the exact location of a group of individuals making their way north through that area. Guided by Agent Kaiser, Agent Briseno

1  encountered four (4) individuals trying to conceal themselves in the brush in an area commonly used by
2  illegal aliens attempting to further their illegal entry into the United States.
3      Agent Briseno identified himself to the four individuals as a U.S. Border Patrol agent and
4  conducted an immigration inspection.  Each of the four people apprehended, including Defendant
5  Quintero, admitted to being Mexican citizens and nationals who had no papers allowing them to enter
6  or remain in the United States.
7  All four individuals were arrested and transported to the Imperial Beach Border Patrol station for
8  processing     2. <u>Defendant Identified as Having Been Previously Deported from the U.S.</u>
9      A routine computer check, which consisted of entering Defendant's fingerprints, photo and
10 biographical information into the IDENT/AFIS computer, revealed that Defendant had a previous illegal
11 immigration history, a criminal record, and had been previously deported to Mexico from the U.S. on
12 February 13, 2004.
13         3. <u>Defendant Advised of His Rights</u>
14     Defendant was told, at approximately 8:31 a.m., that he was going to be charged criminally for
15 his illegal re-entry into the U.S. after being previously deported and advised Agent Briseno in the
16 Spanish language, as witnessed by Border Patrol Agent Paul Shepard .  Quintero indicated that he
17 understood his rights and declined to make a statement or answer further questions without an attorney
18 present.
19         4. <u>Defendant's Criminal Record</u>
20     Records and a fingerprint comparison revealed that Defendant had three (3) prior convictions for
21 immigration violations, including a 1326 conviction, on April 14, 1998, in Arizona; Illegal Entry, in the
22 Eastern District of California, on July 30, 2003; and another 1325 conviction, on April 1, 2004, in this
23 District.
24     His record also included a conviction, under California Penal Code (PC) 32, Accessory (felony),
25 in 1997, and Assault with a Deadly Weapon, not a firearm, Likely to Cause Great Bodily Injury, in
26 California Superior Court, in 1002.
27
28

5. Defendant's Immigration History

Immigration Records indicated that defendant Quintero had been previously deported or removed on seven (7) separate occasions since June 2, 1997, the most recent of which occurred on April 7, 2007.

### III

### **ARGUMENT**

**A. Motion for Discovery**

The Government has and will continue to fully comply with its discovery obligations. To date, Defendant has been provided with 50 pages of discovery and a copy of the DVD on which his waiver of rights and subsequent invoking of his rights are contained. The Government has ordered the A-File in this case, as well as the tape recording of this deportation/removal hearing before an Immigration Judge. The following is the Government's response to defendant's various discovery requests.

1. Statements of Defendant Have Been Provided

The Government will fully comply with Federal Rule of Criminal Procedure 16(a)(1)(A) by providing defendant with his statements, including any tape or digital recordings made of defendant. The Defendant made no post-Miranda statement. The Government has provided the defendant with a report containing the general substance of his statements prior to his arrest. The Government will not, however, disclose all oral statements made by the defendant to those individuals not known to be Government Agents. See United States V. Hoffman, 794 F2d. 1429, 1431 (9th Cir. 1986) (Defendant's statements need only be disclosed if made to known Government Agent). However, those oral statements which the defendant made to unknown agents will be timely disclosed prior to trial should the Government decide to use them in its case-in-chief.

2. Arrest Reports, Notes and Dispatch Tapes

The Government has provided the defendant with arrest reports. The substance of relevant oral statements of the defendant are included in the reports already provided. Agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16 discovery.

A defendant is not entitled to rough notes because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. United States v. Bobadilla-Lopez, 954 F.2d 519

(9th Cir. 1992); United States v. Spencer, 618 F.2d 605 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932 (9th Cir. 1981).

Dispatch tapes, if they exist, will also be provided to defendant.

### 3. Brady Material

The Government will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963).

### 4. Defendant's Prior Record

As noted above, Defendant has a prior criminal record. He has been supplied with all references to that conviction and subsequent arrests in reports in possession of the Government.

### 5. 404(b) Evidence

The Government has complied with Rule 16(a)(1)(B) in providing defendant with his known prior record as set forth in his "rap sheets" and prior deportations and/or removals. At this time, the Government may attempt to introduce evidence of his previous illegal re-entries following removals/deportations and occasions that he was found back in the U.S. following those removals/deportations, as 404(b) evidence. In particular, the Government will seek to admit admissions made by Defendant, concerning alienage, citizenship and prior deportation, on May 13, 2004, 2004, at the time of his plea of guilty and sentencing for two (2) counts of Improper Entry by an Alien in federal court in this District.

### 6. Evidence Seized

The Government has, and will continue to comply with Federal Rule of Criminal Procedure 16(a)(1)(C) in allowing the defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the Government, and which is material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at trial, or were obtained from or belong to the defendant, including photographs.

The Government, however, need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

### 7. Preservation of Evidence

The Government will preserve whatever evidence was gathered in this case.

8.    Tangible Evidence

See Paragraph 6 above.

9.    Evidence of Bias or Motive to Lie

The Government will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). The Government knows of no bias, prejudice or other motivation to testify falsely or impairments of its witnesses, but will make appropriate disclosures if such information should become known. See Napue v. Illinois, 360 U.S. 264 (1959); Mooney v. Holohan, 294 U.S. 103 (1935).

The Government will provide defendant with any agreements made with witnesses it expects to call at trial.

10.    Impeachment Evidence

As noted above, the Government will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972).

However, under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), the Government must only disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. See also United States v. Gardner, 611 F.2d 770, 774 (9th Cir. 1980).

Under Brady, the suppression by the prosecution of evidence favorable to the accused violates due process where the evidence is material to guilt or innocence. United States v. Bagley, 473 U.S. 667 (1985); Favorable evidence includes impeachment evidence. United States v. Bagley, 473 U.S. 667 (1985).

Defendants are not entitled to all evidence known or reasonable known which is or may be favorable to the accused or which pertains to the credibility of the Government's case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980):

> [I]n response to a request for exculpatory evidence the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

1  Id. at 774-775.

2        Defendant requests the Government provide the criminal record of witnesses the Government intends to call and any information relating to a criminal investigation of a witness. Although the Government will provide conviction records, if any, which could be used to impeach a witness, the Government is under no obligation to turn over the criminal records of all witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976), cert. denied, 429 U.S. 1074 (1977). When disclosing such information, disclosure need only extend to witnesses the Government intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

      The Government will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify. Defendants are not entitled, however, to any and all evidence that a prospective witness is under investigation by federal, state or local authorities for misconduct.

      11.    <u>Witness Addresses</u>

      The Ninth Circuit has consistently held that the Government, in a non-capital case, is not required to produce a list of witnesses in advance of trial. United States v. Dischner, 974 F.2d 1502 (9th Cir. 1992), *citing* United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985). *See also* Weatherford v. Bursey, 429 U.S. 545 (1977) (Brady does not require that the prosecution reveal before trial the names of all witnesses who will testify unfavorably).

      In United States v. Jones, 612 F.2d 453 (9th Cir. 1979), cert. denied, 455 U.S. 966 (1980), the Ninth Circuit stated:

> The trial court correctly ruled that the defense had no right to pretrial discovery of information regarding informants and prospective government witnesses under the Federal Rules of Criminal Procedure, the Jencks Act, 18 U.S.C. Section 3500, or Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

      Although the law does not require the Government to disclose witnesses in this type of case, the Government will provide the defendant with a list of witnesses prior to trial.

12. <u>Name of Witnesses Favorable to Defendant</u>

The Government will provide defendants the name of any such witnesses should they become known to the government. The Government will not, however, provide defendant with any reports taken from individuals interviewed at the time defendant was arrested unless those reports fall within the dictates of <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) or 18 U.S.C. § 3500. Should the Government become aware of any exculpatory information contained within any of these documents **as they pertain to the defendant**, they will be provided.

13. <u>Statements Relevant to Defense</u>

The Government will provide defendant with any such statement should it become known to the government.

14. <u>Jencks Act Material</u>

The Government will comply with its obligations pursuant to the Jencks Act.

15. <u>Giglio Information</u>

The Government will comply with its obligations pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

16. <u>Expert Witnesses</u>

Pursuant to Rule 16(E), the Government will timely disclose all expert witnesses it expects to call at trial along with their curriculum vitae. As of this time, the Government expects to call an employee of CBP or ICE to identify the and explain the basis for a Certificate of Non-Existence. The Government will also call an expert in fingerprint comparison for the purpose of comparing the fingerprints on the prior deportation and exclusion, with those of Defendant, to prove that Defendant is the individual who was previously deported and/or excluded from the United States to Mexico.

**B.    Defendant's Motion for Leave to File Further Motions for Leave to
       File Further Motions Should Be Conditionally Denied**

The Government opposes the Court's granting leave to the defendant to file further motions absent any newly discovered evidence revealed by future discovery or a change in substantive law which would justify the filing of such a motion.

## VI

## **GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY**

To date, as noted above, the United States has provided Defendant with 64 pages of discovery. The United States will continue to comply with all of its discovery obligations as additional reports and/or other discoverable material becomes available.

The Government moves the Court to order Defendants to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2. Rule 16(b)(2) requires Defendants to disclose to the United States all exhibits and documents which Defendants "intend to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendants intend to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

## V
## **CONCLUSION**

The Defendant's motions should be granted and denied as noted in the above discussion and the Government's motion for reciprocal discovery should be granted.

DATED: March 4, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/David L. Katz

DAVID L. KATZ
Assistant U.S. Attorney

07CR3214-H

07CR3214-H

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  ) | Case No. 07cr3214-H |
| Plaintiff,  ) |  |
| v.  ) | CERTIFICATE OF SERVICE |
| CARLOS QUINTERO-LOPEZ,  ) |  |
| Defendant.  ) |  |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY CERTIFIED THAT:

I, David L. Katz, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**1.     Ricardo Gonzalez**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

**1.     None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 4, 2008.

s/ David L. Katz
DAVID L. KATZ